# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| BLONDELL F. MITCHELL, | * | CIVIL NO. 4:11-CV-00487-REL-TJS |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **REPORT AND** |
| MEDIA COM, RICK SANCHEZ, | * | **RECOMMENDATION** |
| CABLE NETWORK NEWS (CNN), | * | |
| TIME WARNER INC., CNN BOARD | * | |
| OF DIRECTORS, and TIME WARNER | * | |
| BOARD OF DIRECTORS, | * | |
| | * | |
| Defendants. | * | |

## I. INTRODUCTION

This Report and Recommendation is made pursuant to Order (Document No. 31) entered by United States District Court Senior Judge Ronald E. Longstaff. This case is one of many similar cases filed by plaintiff, pro se, against multiple individuals and entities involved in national and local media. Plaintiff moved for judgment by default against the named defendants in this case. Certain defendants moved for dismissal of the complaint or, in the alternative, for more definite statement. Plaintiff then filed a motion to amend the complaint. For the reasons which follow, it is recommended that the case be dismissed.

## II. REPORT

**A. Claims Asserted in This Action**

On October 12, 2011, Blondell F. Mitchell ("Mitchell") filed a Complaint (Document No. 1) against the following named defendants: Media Com, Rick Sanchez, Cable News

Network, Time Warner Inc., CNN Board of Directors, and Time Warner Board of Directors.

She makes the following allegations:

> The defendant Rick Sanchez in his employment as an Anchor of CNN broadcast nationally, a scorched earth, demonizing, degrading, demoralizing, fictitious, flaming, falsities; that Blondell Mitchell from Iowa has Aids/HIV or the virus associated with the disease; that Blondell Mitchell from Iowa has been intentionally spreading Aids/HIV or the virus associated with the disease; that Blondell Mitchell is a Chupacabra (a Latin blood sucking Demon) that demonized, degraded and demoralized. All false because Blondell Mitchell from Iowa does not have and has never had Aids/HIV or the Virus associated with the disease.
>
> The defendant Rick Sanchez in his employment, along with other CNN Anchors; employees, with the use of rumors and non governed lawless social bullying networking tools (reckless reliance on a faulty instrument of misinformation) in an effort to create citizen driven news program, created; conspired; and engaged their viewers through their National Cable Broadcast on Media Com under the direction supervision of his employer without any intervention or verification of their supposed facts, by CNN or Time Warner Inc; Board of Directors; Presidents; Vice Presidents; or any other member of management or legal teams, broadcast the above scorched earth falsities on numerous occasions between about January 2008 to about August 2010 both under various segments and later on his signature Anchor as Rick's List. The defendants with their Vigilantly Predatory Media Munchausen McCarthyism Egotism Hoax, which is a modern day National Cable Broadcast of a Birth of a Nation with a Willie Horton, Latin Demon Blood Sucking Chupacabra scorched earth Deviant Sexual Serial Killer theme all over the United States has damaged Blondell Mitchell (plaintiff) for life.
>
> These defendant statements are false as a matter of law; false medically; false factually; and in other words pure fiction (see attached affidavits); and in the plaintiffs opinion are some sick form of National Cable News, Scorched Earth, Vigilante Predatory Media Munchausen McCarthyism Egotism made to brain wash, strike fear, and to induce McCarthyism/Hitler like hate (inducement to commit crimes) in the hearts and minds of the supposedly right thinking American cable viewers on a national scale.

(*Id.* ¶¶ 8-10.) In addition to those allegations, Mitchell lists the following as "Laws Violated":

> Liberty (Per Se); Imputation of a loathsome disease (Per Se); Imputation of unchaste with criminal overtures (Per Se); Imputation of criminal conduct (Per Se); Communications with ill will malice (Per Se); Propaganda laced with vindictive excess (Per Se); Statements highly offensive to a reasonable person (Per Se); Invidious discriminatory conduct (Per Se); Communication malum in se (Per Se); Invasion of privacy (Per Se); Invasion of privacy by intrusion (Per Se); Invasion of privacy by appropriation (Per Se); Intentional infliction of emotional distress (Per Se); Hostile propaganda towards a private citizen by a media entity and its employees (Per Se); Journalist conduct that grossly deviates from reasonable standards (Per Se); Extreme, outrageous, and reckless infliction of emotional distress (Per Se); Creating a hostile living environment (Per Se); Holding the plaintiff up to public hatred (Per Se); Holding the plaintiff up to public ridicule (Per Se); Holding the plaintiff up to public disgrace (Per Se); In sighting harassment by the public (Per Se); Communications with constructive intent (Per Se); Intentional reckless disregard for the truth (Per Se); Faulty Instrument of misinformation (Per Se); Failure to investigate (Per Se); Lack of journalistic initiative (Per Se); Not exercising ordinary and reasonable care (Per Se); False light invasion of privacy (Per Se); Negligent infliction of emotional distress (Per Se); Violation of the personal privacy act (Per Se); Intrusion of seclusion (Per Se); Conspiring to commit attempted murder (Per Se); Conspiring to commit attempted assault (Per Se); Existence to injure plaintiff in her profession (Per Se); Directly prejudicing the plaintiffs pears (Per Se); Allegations to injure plaintiff in her profession (Per Se); Interference with existing relationships (Per Se); Interference with future relationships (Per Se); Destruction of favorable image (Per Se); Causing the plaintiff to be shunned and avoided by pears (Per Se); Directly prejudicing the plaintiffs perspective employers (Per Se); Defamation (Per Se); Slander (Per Se); Moral Turpitude (Per Se); Defamation of Character (Per Se); Defamatory Statement (Per Se); Strict liability (Per Se); Actual Malice (Per Se); Defamation by implication (Per Se); Negative public image (Per Se); Malice (Per Se); Harmful behavior (Per Se); Common law malice (Per Se); Wanton negligence (Per Se); Hate speech (Per Se); Media falsity bootstrapping (Per Se); Lata neglegentia (Per Se); Extreme negligence (Per Se); Harassment (Per Se); Humiliation (Per Se); Reckless reliance (Per Se); Lack of journalistic ethics (Per Se); Advertent willful negligence (Per Se); Gross irresponsibility (Per Se); Inexcusable neglect (Per Se); Negligent offense (Per Se); Mental anguish (Per Se); Unreasonable behavior (Per Se); Culpable Negligence (Per Se); Reckless endangerment (Per

Se); Gross negligence (Per Se); Neglect (Per Se); Personal anguish (Per Se); Negligence (Per Se); Inexcusable negligence (Per Se).

(*Id.* ¶ 14.)

Mitchell "seeks damages in the amount of 13 Trillion Dollars per broadcast, per defendant and public apology for every single for every time they broadcast nationally there, demonizing, degrading, demoralizing, fictitious, flaming, falsities." (*Id.* ¶ 15.) Attached to the Complaint are copies of affidavits from the Director of Polk County Health Department stating Mitchell had tested "Negative, non reactive" for HIV/Aids in April 2006, May 2006, December 2006, February 2007, and January 2010. (*See* Document No. 1 pp. 7-11.)

**B. Other Similar Cases Brought by Mitchell**

On the same date of filing this action, Mitchell filed a nearly identical complaint in this same court against other named defendants. The case was assigned to United States District Court Judge John A. Jarvey as Case No. 4:11-cv-00486-JAJ-TJS. Judge Jarvey entered an Order on May 8, 2012, dismissing the case because Mitchell failed to invoke the court's subject matter jurisdiction under either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Within the Order, Judge Jarvey provided the following summary of the similar litigation initiated by Mitchell:

> This lawsuit is a continuation of a long series of lawsuits brought by Mitchell in the Southern District of Iowa and the District of Colorado. In 2005, Mitchell filed multiple lawsuits in the United States District Court for the Southern District of Iowa and all but one of the lawsuits was summarily dismissed for lack of personal jurisdiction. In 2006, Mitchell brought similar lawsuits in the United States District Court for the District of Colorado. These lawsuits were also dismissed, affirmed by the 10th Circuit Court of Appeals, and denied a Writ of Certiorari by the United States Supreme Court. *Mitchell v. KDJM-FM*, No. 06-cv-01427, 2008 WL 4425996 (D. Colo. Sep. 25, 2008), *affirmed*, 318 Fed. Appx. 676 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 194

> (2009). In 2010, Mitchell again filed suit in the United States District Court for the District of Colorado, naming the same parties and making allegations arising out of the same set of facts and circumstances as her original 2006 lawsuits. The court, citing established principles of res judicata, dismissed Mitchell's claims. *Mitchell v. KDJM-FM Jammin 92.5*, No. 10-cv-01732, 2010 WL 3210766 (D. Colo. Aug. 10, 2010). This decision was also affirmed by the 10th Circuit Court of Appeals and Mitchell was denied a Writ of Certiorari by the United States Supreme Court. *Mitchell v. KDJM-FM*, 405 Fed. Appx. 267 (10th Cir. 2010), *cert. denied*, 132 S. Ct. 98 (2011).
>
> Upon review of Mitchell's claims, it is clear to the Court that this lawsuit arises out of the same set of facts and circumstances as the previous lawsuits. On October 12, 2011, Mitchell filed a complaint in which she sets forth claims of defamation and the violation of approximately 74 additional laws. [Dkt. No. 1.] The complaint names ten defendants including; KJMC 89.3 F.M., Tom Joyner, Minority Communications, Inc., Reach Media Inc., ABC Radio, Cumulus Media Inc./Cumulus Broadcasting Inc., Citadel Media Networks, ABC News Radio, The Walt Disney Company, and The Walt Disney Company Board of Directors. [Dkt No. 1.] Mitchell claims 13 trillion dollars in damages "per broadcast/per defendant." [Dkt. No. 1 at ¶ 19.]

(Order (Document No. 42 in Case No. 4:11-cv-00486-JAJ-TJS) pp. 1-3.)

Judge Jarvey found that the claims set forth in Mitchell's complaint and her amended complaint failed, on their face, to "satisfy the requirements to establish a federal question under 28 U.S.C.§ 1331." (*Id.* p. 5.) He noted that, "[a]s plead, Mitchell's most cognizable claim - defamation - is a state law cause of action. Mitchell makes no mention of a federal cause of action for the remaining claims noted in the Complaint." (*Id.*) Judge Jarvey also found Mitchell's responses to the motion to dismiss, wherein she cited to federal law, failed to establish that the court had subject matter jurisdiction. (*Id.* pp. 5-8.) He concluded as follows:

> After reviewing Mitchell's responses to the Motion to Dismiss, the Court has no additional insight into the actual events giving rise to Mitchell's claims. Mitchell's Complaint and Responses appear to merely recite causes of action without ever revealing the facts underlying the claims. Mitchell has failed to invoke this Court's jurisdiction under 28 U.S.C. § 1331 as she failed to recite

a federal cause of action in the Complaints. To the extent Mitchell recites
Constitutional protections and federal laws in her Responses, these claims fail
to satisfy the requirements of the well-pleaded complaint rule and the Federal
Rules of Civil Procedure.

(*Id.* p. 8.) Judge Jarvey further concluded that diversity jurisdiction based on 28 U.S.C. § 1332 was also not proper because Mitchell and one name defendant are both Iowa citizens. (*Id.* pp. 8-9.)

After judgment was entered, Mitchell filed a "Motion to Alter or Amend a Judgment F.R.C.P. Rule 59(e) to add Section 43(a) of the Lanham Act (False Advertising), 15 U.S.C. § 1125(a)(1) & (A) & (B) And or in the Alternative to Amend the Pro Se Complaint to include the Lanham Act." Judge Jarvey denied the motion noting that Mitchell "has failed to put forth new evidence . . . and has failed to set forth a claim upon which relief can be granted." (Order (Document No. 55 in Case No. 4:11-cv-00486-JAJ-TJS) pp. 2-3.) Mitchell subsequently filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit.

## C. Pending Motions in This Action

### 1. Motion for Judgment by Default Regarding the Defendants: Rick Sanchez; Time Warner Inc. Board of Directors; Time Warner Cable; and Media Com (Document No. 25)

Mitchell filed a Motion for Judgment by Default (Document No. 25) on January 9, 2012, requesting that the court place defendants "Rick Sanchez; Time Warner Inc Board of Directors; Time Warner Cable; and Media Com . . . in Default as a matter of Law." Mitchell argues defendants failed to file a timely appearance, answer or motion to dismiss.

Defendants MCC Iowa, LLC d/b/a Mediacom ("Mediacom"), Rick Sanchez ("Sanchez"), Cable News Network, Inc. ("CNN") and Time Warner, Inc. ("Time Warner") filed a Resistance (Document No. 29) on January 17, 2012, with a supporting Brief (Document No. 29-1).[1] Defendants contend that no grounds exist for the entry of default judgment.

Pursuant to a Text Order entered October 28, 2011 (Document No. 5), the United States Marshalls Service was directed to serve a copy of the Summons and Complaint on the defendants at the addresses listed in the Complaint. The Process Receipts and Returns submitted by the Marshalls Service indicate the Summons and Complaint were delivered by certified mail on dates from November 21, 2011 through November 28, 2011. (*See* Document Nos. 17-21.)

On December 19, 2011, a Notice of Appearance of Counsel, Advisory on Mail Service and Applicability of Rule 4(d), and Suggestion Regarding Jurisdiction was filed on behalf of CNN and Time Warner (Document No. 13) and Mediacom (Document No. 14). Counsel noted that no personal service had been effectuated on those entities and the mailed copies of the Summons and Complaint did not include the waiver of service form contemplated by Federal Rule of Civil Procedure 4(d). (*Id.* ¶¶ 2-3.) Counsel indicated the defendants "will proceed as if the standard waiver of service form was provided under Rule

---

[1] The resisting defendants assert, in a footnote, that the CNN Board of Directors and Time Warner Board of Directors "are not legal entities subject to suit. Plaintiff provides no legally cognizable theory against individual board members." (Resistance p. 1, n. 1.) The resisting defendants further indicate that "without waiving their arguments on personal service and personal jurisdiction, each board joins in the Resistance of its corporate entity." (*Id.*)

4(d) at the time of mail delivery of the Summons and Complaint, unless the Court hereafter directs otherwise." (*Id.* ¶ 4.) Counsel further indicated each defendant would determine whether it voluntarily elects to accept service by mail and, if so, file a timely executed waiver of service and responsive pleading to the Complaint. (*Id.* ¶¶ 5, 7.) Counsel also made certain suggestions as to the apparent lack of subject matter jurisdiction and consolidation of the case with the action assigned to Judge Jarvey. (*Id.* ¶¶ 8-35.)

On December 20 and 22, 2011, Waivers of the Service of Summons were filed on behalf of CNN, Time Warner, and Mediacom. (*See* Document Nos. 15, 16, & 22.) On January 17, 2012, defendants filed a responsive pleading to the Complaint in the form of a motion to dismiss, which is discussed below.

Based on this procedural history, defendants CNN, Time Warner, and Mediacom assert that through counsel they took affirmative steps, in good faith, to advise the court and plaintiff about their calculation of the initial pleading or answer deadline, and timely filed their responsive pleading accordingly. As for Sanchez, it is asserted that he has not been served personally with the Summons and Complaint (which were sent to the address of his former employer), has not filed or agreed to a Rule 4(d) waiver of service, has not consented to mail service, and has not submitted or consented to personal jurisdiction. In defendants' view, no grounds exist to find any defendant presently in default or to enter the requested default judgment against them.

Mitchell submitted two relatively extensive documents which, notwithstanding their titles, appear to reply to defendants' resistance and brief: "Response to Second Untimely Motion to Dismiss or for a More Definite Statement Document 29" (Document No. 33) filed

on February 7, 2012, and "Response to Fifth Untimely Motion to Dismiss or for a More Definite Statement Document 29-1 (duplicate of the Defendants Document 29)" (Document No. 35) filed on February 10, 2012.

### 2. Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for More Definite Statement (Document No. 28)

Defendants Mediacom, Sanchez, CNN and Time Warner filed a Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for More Definite Statement (Document No. 28) on January 17, 2012, with a supporting Brief (Document No. 28-1).[2] Defendants raise several grounds for dismissal of this action. First, defendants contend that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendants argue that Mitchell's claims are based entirely on the allegation that one or more of the defendants made false and defamatory statements about her and, therefore, arise exclusively under state libel law.

Defendants also contend that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) because Mitchell fails to state a claim upon which relief can be granted. Defendants point out that the Complaint fails to provide a sufficient description of the legal claims, or the necessary elements of any cognizable claims, such as which defendant said what, or on what date or occasion.

---

[2] The moving defendants again assert, in a footnote, that the CNN Board of Directors and Time Warner Board of Directors "are not legal entities subject to suit" and state that "without waiving their arguments on personal service and personal jurisdiction, each board joins in the Motion of its corporate entity." (Defendants' Motion to Dismiss p. 1, n. 1.)

Defendants further argue that Mitchell fails to assert any basis for holding either Time Warner or Mediacom liable for statements allegedly made by Sanchez on CNN.

Defendants also assert that this court lacks personal jurisdiction over Sanchez because the mail delivery of the Summons and Complaint to his former employer did not effectuate personal service of process on him. Defendants contend Sanchez lacks sufficient minimum contacts with the State of Iowa to render him subject to the jurisdiction of Iowa courts. It is noted that Sanchez appears through the motion to dismiss for the sole purpose of contesting service of process and jurisdiction.

Defendants further assert that any claim based on an alleged statement made prior to October 12, 2009, be dismissed as time barred. Defendants cite to Iowa Code § 614.1(2) which requires actions "founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty" to be brought within two years after the causes accrue.

In addition to requesting dismissal of the Complaint in its entirety, defendants request an order by the court enjoining Mitchell from filing additional claims unless she first obtains approval of the court. If the case is not dismissed, defendants request the court to order Mitchell to provide a more definite statement of her claims pursuant to Federal Rule of Civil Procedure 12(e).

Mitchell filed a "Response to Second Untimely Motion to Dismiss or for a More Definite Statement Document 28" (Document No. 32) on February 7, 2012. As stated therein, Mitchell contends defendants' motion to dismiss

> must be defeated as a matter 71 C.J.S. § Pleadings 166 (*Defective Motion to Dismiss*); as a matter of long standing Supreme Court Rulings; as a matter of the 1st Amendment (*Federal Jurisdiction*); as a matter of US Constitutional Law (*Federal/Constitutioal Question*); as a matter of Public Issue/Concern (*Subject Matter Jurisdiction*); as a matter of Polk County Health Department Affidavits (*Medical Fact*); as a matter of Ku Klux Klan Act; as a matter of Federal Law and Procedure.

(*Id.* p. 1.) Mitchell states this "Action is a Federal Law suit under the Federal/Constitutional Question 28 USC § 1331." (*Id.* p. 15.) Among various assertions, she indicates there exists a "Federal Question: Violation of the FCC Hoax Rule," a "Federal Question: Violation of Federal HIPPA Law," and a "Constitutional Question: The Right to Travel from State to State." (*Id.* pp. 10-14.) Mitchell contends she "has proven beyond a shadow of doubt (100%) that she *does not* and *has never had* Aids/HIV or the virus associated with the disease." (*Id.* p. 16.) She "prays for justice so she may somehow be released from this invariant, infamous, immortal Hotel California." (*Id.* p. 17.)

On February 10, 2012, Mitchell filed a "Response to Third Untimely Motion to Dismiss or for a More Definite Statement Document 28-1" (Document No. 34) wherein she provides relatively extensive responses to the points raised by defendants in their Brief and reasserts arguments made in her initial Response to the motion to dismiss.

Defendants submitted an Advisory (Document No. 36) indicating they would refrain from filing a reply brief, and acknowledged their prior request for oral argument may be denied. Mitchell filed a Response (Document No. 37) to the Advisory reasserting her various arguments against dismissal of the case.

### 3. Motion to Request to Amend Previous Pleadings to Include the Lanham Act Section 43(a)(False Advertising), 15 U.S.C. § 1125(a)(1) & (A) & (B) Or in the Alternative to Submit an Amended Complaint (Document No. 41)

On May 17, 2012, Mitchell filed a "Motion to Request to Amend Previous Pleadings to Include the Lanham Act Section 43(a)(False Advertising), 15 U.S.C. § 1125(a)(1) & (A) & (B) Or in the Alternative to Submit an Amended Complaint" (Document No. 41). She submitted another document entitled "Motion Amended Pleadings to Satisfy Federal Subject Matter Jurisdiction and Defeat Defendants Motion to Dismiss" (Document No. 42) on June 1, 2012. The document was docketed as a brief in support of Mitchell's motion to amend.

Among a multitude of assertions made within these submissions, Mitchell claims she "can remedy the subject matter jurisdiction by amending her complaint to add Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) false advertising by interstate commerce to marry with 28 U.S.C. § 1331 and the U.S. Constitutional Protected interest Liberty and Defamation Per Se." (Document No. 41 p. 5.) She alleges

> defendants and their advertising syndicate associates have violated the false advertising Lanham Act and should be held accountable for their action, they have spent millions if not billions, possibly even trillions, on their false advertising campaign to demonize, degrade and demoralize the Plaintiff Pro Se as an Accountant (a service she once provided) and even went so far as to discredit her so that her message would be lost.

(*Id.* pp. 7-8.)

Defendants Mediacom, Sanchez, CNN and Time Warner filed a Resistance to Plaintiff's Motions to Amend Complaint (Document No. 43) on June 4, 2012, responding to both documents (Nos. 41 & 42) submitted by Mitchell. Defendants argue the allegations

asserted by Mitchell do not state a plausible claim under the Lanham Act for false endorsement or false advertising, thereby making the proposed amendment futile.

Mitchell filed a Reply (Document No. 44) on June 12, 2012. As requested throughout her submissions, Mitchell asks the court to "take into account that the Plaintiff Pro Se is not an attorney and has very limited knowledge of Law." (*Id.* p. 1.) Before making relatively extensive and repetitive arguments, Mitchell provided the following introduction:

> The defendants (Pied Pipers of the Hater People [opinion] perpetrated a National and International Media McCarthysim Hitler-like Munchausen Hoax, by yelling Fire (the flute) Falsely on Cable, with Flaming Fictitious Falsities (Obscene Trade Libel Pre Se), that Fanning the Flames of Fear by False Advertising and Broadcasting, motivating their viewers to drink from their Fountain of Hater-Aide (more like liquored up on Hater-Aide).

(*Id.* p. 2.)

### III. RECOMMENDATION

It is hereby recommended that the Motion to Dismiss Plaintiff's Complaint (Document No. 28) filed by defendants Mediacom, Sanchez, CNN and Time Warner be granted. The conclusions reached by Judge Jarvey in dismissing the nearly identical case filed by Blondell Mitchell against other media defendants apply equally to this action. Based on the law and reasoning set forth in Judge Jarvey's Order, which is adopted and incorporated herein by reference, Mitchell has failed to establish either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. §

1332.³  It is therefore recommended that this case be dismissed in its entirety for lack of subject matter jurisdiction.

Dismissal of the Complaint is also warranted, in the opinion of this magistrate judge, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Under the general rules of pleading, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d)(1).  "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  As explained by the Supreme Court of the United States,

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d

---

³ Mitchell repeatedly states in the Complaint and her briefing documents that "[j]urisdiction is asserted pursuant to the Federal/Constitutional Question, Liberty as defined in the United States Constitution." (Complaint ¶ 7.)  Neither party addresses the issue of diversity jurisdiction but it is noted that the Complaint indicates, on its face, that Mitchell and one named defendant "Media Com" are from Iowa. (Complaint ¶¶ 1, 2.)

929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

These established principles have been repeatedly cited and utilized by the Court of Appeals for the Eighth Circuit. *See, e.g., Turkish Coalition of America, Inc. v. Bruininks*, 678 F.3d 617, 623 (8th Cir. 2012); *Gomez v. Wells Fargo Bank*, 676 F.3d 655, 660, 664-65 (8th Cir. 2012); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011); *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010); *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594-95 (8th Cir. 2009).

Here, even assuming all facts in the Complaint are true, and considering Mitchell is proceeding pro se, the allegations and listing of "Laws Violated" within the Complaint are nothing more than "naked assertions" and conclusory statements which are insufficient to survive defendants' motion to dismiss. In this judge's opinion, Mitchell's Complaint is rife with "labels and conclusions" which are nonsensical, incoherent, frivolous and wholly without any merit. Likewise, the various assertions and citations to federal and constitutional laws made by Mitchell in her briefing documents also appear to be without any merit under either fact or law.

None of the allegations of Mitchell, even when viewed as a whole, state a claim to relief that is plausible on its face. Although she has been allowed ample opportunity, Mitchell has failed to plead sufficient factual content that allows the court to draw any reasonable inference that defendants are liable for the alleged misconduct. In this magistrate

judge's opinion, Mitchell's claims are merely "unadorned, the-defendant-unlawfully-harmed-me accusations" which should be dismissed in their entirety under Rule 12(b)(6).

While it is not necessary to reach the issues if the above recommendations are accepted, this magistrate judge notes its agreement with defendants, for the reasons stated in their brief, that there appears to be lack of personal jurisdiction over Sanchez and that certain claims, if actually supported by sufficient factual matter, would be time barred. This judge also agrees, if the recommendations for dismissal are not accepted, that Mitchell be required to provide a more definite statement of her claims pursuant to Federal Rule of Civil Procedure 12(e). In this judge's view, the Complaint "is so vague [and] ambiguous that [defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

As for the motions filed by Mitchell, if it is accepted that there is a lack of subject matter jurisdiction, then this court does not have authority to enter judgment, whether by default or otherwise, on the claims asserted in the Complaint. Moreover, based on the docket entries related to the service of the Summons and Complaint, and defendants' subsequent filings by their counsel, this magistrate judge finds there are insufficient grounds to enter default judgment as to any named defendant. There has been no unfair prejudice or undue delay from the timing of defendants' response to the Complaint in the form of the motion to dismiss filed on January 17, 2012. For those reasons, it is recommended that the Motion for Judgment by Default Regarding the Defendants: Rick Sanchez; Time Warner Inc. Board of Directors; Time Warner Cable; and Media Com (Document No. 25) filed by plaintiff Blondell Mitchell be denied.

Finally, Mitchell's request to amend the complaint, in an attempt to establish subject matter jurisdiction, should also be denied because the claims she proposes to assert under the Lanham Act are wholly without merit and would be futile. Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As instructed by the United States Supreme Court, the mandate of Rule 15(a)(2) "is to be heeded."

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In the words of the Eighth Circuit, "[g]iven the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000)(referring to *Foman* for the "classic" good reasons for rejecting an amendment). "A liberal amendment policy, however, is in no way an absolute right to amend." *Id.*; *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)("parties do not have an absolute right to amend their pleadings, even under this liberal standard"). Denial is appropriate where "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)(citing *Foman*); *see also, e.g.*, *Sherman*, 532 F.3d at 715; *McAninch v. Wintermute*,

491 F.3d 759, 766 (8th Cir. 2007); *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007); *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005); *Thompson-El v. Jones*, 876 F.2d 66, 67-68 (8th Cir. 1989).

When leave to amend is denied on the basis of futility, "'it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6).'" *Hintz v. JPMorgan Chase Bank*, 686 F.3d 505, 511 (8th Cir. 2012)(quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008)); *Zutz*, 601 F.3d at 850 (same). That conclusion is readily reached by this magistrate judge.

Mitchell's proposed claims under the Lanham Act are not plausible on their face. Instead, her various allegations are incomprehensible and unsupported in both fact and law and again amount to nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusations." There appears to be no factual support for her broad conclusory assertions and, consequently, they fail to state any claim upon which relief can be granted. Mitchell's proposed amended claims simply could not withstand a Rule 12(b)(6) motion to dismiss.

Accordingly, it is recommended that the Motion to Request to Amend Previous Pleadings to Include the Lanham Act Section 43(a)(False Advertising), 15 U.S.C. § 1125(a)(1) & (A) & (B) Or in the Alternative to Submit an Amended Complaint (Document No. 41) filed by plaintiff Blondell Mitchell be denied.

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1), the parties have to and including **September 21, 2012,** in which to file written objections to this Report and Recommendation, unless an extension of time for good cause is obtained. *See Thompson v.*

*Nix*, 897 F.2d 356, 357 (8th Cir. 1990). Such extensions will be freely granted. Any objections must specify the specific portions of this Report and Recommendation to which objections are made, and set forth the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thompson*, 897 F.2d at 357.

Dated September 4, 2012.

_____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE